UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DEBRA BLAIR, | ) | Case No.: 1:16 CV 1019 |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) ) | |
| | ) | |
| Defendant | ) | <u>ORDER</u> |

The Acting Commissioner of Social Security (the "Commissioner") denied Plaintiff Debra Blair's ("Plaintiff") claim for Disability Insurance Benefits and Supplemental Security Income under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 416(i), 423, 1381 *et seq*. Plaintiff sought judicial review of the Commissioner's decision, asserting two assignments of error: (1) that the Administrative Law Judge ("ALJ") erred in weighing and in rejecting the opinions of Plaintiff's treating physician; and (2) that the ALJ erred by failing to consider Plaintiff's alleged noncompliance with recommended medical treatment in accordance with Social Security Ruling 82-59.

The court referred the case to Magistrate Judge Jonathan D. Greenberg pursuant to Local Rule 72.2(b) for preparation of a Report and Recommendation ("R&R"). Both parties filed briefs on the merits. On February 23, 2017, Judge Greenberg filed his R&R (ECF No. 16), recommending that the court affirm the Commissioner's final decision. With respect to Plaintiff's first assignment of error, Judge Greenberg reasoned that the ALJ did not err in her decision and that the ALJ provided reasons that were "sufficiently specific to make clear to any subsequent reviewers the

weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." (R&R 21–29 (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 242 (6th Cir. 2007)).) With respect to Plaintiff's second assignment of error, Judge Greenberg reasoned that the ALJ was not required to consider the criteria under SSR 82-59 because a "finding of disability is a prerequisite" to the application of the criteria. (*Id.* at 29–30.)

As of the date of this Order, no objections have been filed to the R&R, thereby waiving the right to appeal the Magistrate Judge's recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).

After careful review of Judge Greenberg's R&R and all other relevant documents in the record, the court finds no clear error. *See* Fed. R. Civ. P. 72(b) advisory committee's note; *Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require the district court review of a magistrate[] [judge's] factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."). Thus, the court adopts as its own Judge Greenberg's R&R. (ECF No. 16.) In the alternative, the court finds that, even upon *de novo* review, Judge Greenberg's findings are well taken, and adopts as its own his R&R for the reasons stated in the R&R. The court hereby affirms the Commissioner's final decision.

IT IS SO ORDERED.

/S/ SOLOMON OLIVER, JR.
CHIEF JUDGE
UNITED STATES DISTRICT COURT

March 29, 2017